# CIRCUIT COURT OF THE CITY OF ROANOKE

John R. Patterson,
administrator c.t.a.
of the Estate of
Spurgeon Luciano,
deceased

v.

Peggy Tregoning,
Patricia Luciano,
and Sally Lurker

December 11, 2001

Case No. CH01-579

BY JUDGE ROBERT P. DOHERTY, JR.

Spurgeon Luciano died testate on January 7, 2000, survived by his three adult daughters, all of whom were named co-executrixes of his estate. After a dispute regarding the administration of the estate, all three co-executrixes were removed. The Court thereafter appointed a member of the bar to be the administrator c.t.a. He has since petitioned the Court for aid and guidance. After the taking of evidence *ore tenus*, the Court finds as follows.

### Estate Assets and Debts

Upon the death of the testator, his estate consisted of numerous items of apartment furnishings, clothing, an automobile, various banking accounts and bank deposits, stocks, and insurance policy proceeds. All assets except for the apartment furnishings and clothing have been converted to cash. The cash assets of the estate, after deductions for estate debts paid by the co-executrixes prior to their replacement amounted to $234,837.92. The allegations of some of the beneficiaries that additional estate assets exist, or that one or more of the beneficiaries converted estate property to their own

use, has not been proven except as it applies to the apartment furnishings and clothing. The clothing was given to charity without the objection of any of the beneficiaries, and the apartment furnishings were appropriated by some or all of the beneficiaries. No itemization of the goods taken or their value was proven at trial. Because the beneficiaries live in different states and because the items taken are apparently of slight value, the Court finds it would be counterproductive due to the cost involved to try to recover them or to try to sell the extra New Jersey grave site. They will instead be abandoned and treated for purposes of accounting and distribution as though they do not exist. At the suggestion of some of the beneficiaries, the extra grave site will be donated to charity. All debts of the decedent have been paid.

### Prior Distributions

The testator directed that a bequest of $40,000.00 be made to his daughter Patricia, with the residue of his estate after payment of estate debts to be distributed equally to all three of his daughters. Initially Peggy took $90,614.00 for her own use, later delivering $40,000.00 to Patricia and $5,000.00 to the estate. She is charged with having received an advance of $45,614.00 against her share of the residuary of the estate. Patricia is charged with having received her $40,000.00 specific bequest and no portion of her share of the residuary. Sally received a $40,000.00 advance against her share of the residuary. No other estate advances have been made to the beneficiaries.

### Attorney's Fees

Each of the beneficiaries claim that they have incurred costs for attorney's fees in the administration of the estate while acting as co-executrixes. "An award of attorney's fees is discretionary with the Court after considering the circumstances and equities of the entire case. ..." *Gamer v. Gamer*, 16 Va. App. 335, 346 (1993); see also *Virginia Trust Co. v. Evans*, 193 Va. 425, 431 (1952). The Court finds that all of the beneficiaries should be allowed their attorney's fees which were incurred by them while acting on behalf of the estate to resolve their differences as co-executrixes and while trying to locate estate assets. These difficulties were brought about chiefly because their father named them as fiduciaries despite their estrangement, their lack of experience in business matters, and their residence in different states. Mr. Maxwell's fee of $1,500.00 will be reimbursed to Peggy. Sally will be reimbursed for John Cooley's fee of $3,421.65, and she will be reimbursed for the $1,500 paid to Richard Lawrence. The balance owed on

Mr. Lawrence's fee in the amount of $2,838.50 will be paid directly to him by the estate. No other attorney's fees on behalf of the co-executrixes and/or beneficiaries have been proven.

### Expenses of Administration

The Court finds that over and above their attorney's fees, each of the beneficiaries failed to prove their claimed expenses and/or expenditures on behalf of the estate or that they failed to prove that those costs were reasonable or that they failed to prove that another beneficiary converted estate assets. See *Westmoreland Coal Co. v. Campbell*, 7 Va. App. 217, 222 (1998), and *Reiber v. Duncan & Assoc.*, 206 Va. 657, 662 (1995). The only exceptions are that Peggy shall be reimbursed $1,155.00 for the burial costs she advanced and Sally shall be reimbursed for the $40.00 she paid to ship her father's ashes for burial. The administrator c.t.a. will be paid a fee of $13,526.90, which represents 5% of the value of the personal estate and $1,785.00 for attorney's fees, all of which the Court finds to be reasonable considering the complexities of this estate. The remaining necessary and normal expenses of administration should be paid by the estate during the process of finalizing it. The $350.00 charge for a grave marker is authorized to be paid by the estate.

### Family Photos

Prior to distribution of any additional assets to the beneficiaries, Sally shall provide copies of all of the family photographs to Peggy and to Patricia. The cost of copying these photographs will be deducted as an estate expense so that it is borne equally by all of the beneficiaries.